Zimmerman, J.
Plaintiff, a patient of Turowsld, was hospitalized by him in Bay View Hospital in April 1955, where a biopsy was performed. The biopsy material was submitted to a Dr. Haws, a pathologist, who had a salary contract with the hospital to do pathological work but who was ostensibly connected and associated with the hospital. The bills covering Haws’ services to hospital patients were rendered by the hospital, and his pathological reports were made under the name of the hospital. In answer to an interrogatory, the jury found Haws to be an agent by estoppel of the hospital. See Klema, Admx., v. St. Elisabeth’s Hospital of Youngstown, 170 Ohio St., 519, 166 N. E. (2d), 765.
Haws diagnosed plaintiff’s condition as carcinoma of the cervix. Upon such diagnosis and upon the recommendation of Turowsld and Sheppard, plaintiff underwent a hysterectomy on April 29, 1955, Sheppard being the surgeon. Plaintiff left the hospital on May 6, 1955, but returned periodically for observation and checkups, which was the customary and usual procedure in cancer cases. Her relationship in these respects with the hospital ended on February 18, 1956. Thereafter, it was definitely and conclusively determined by other physicians that plaintiff had never been afflicted with a cancerous condition and that Haws had grossly misinterpreted the biopsy material.
Plaintiff commenced the present action on February 16, 1957, which was within one year from the date she finally severed connections with the hospital and within two years of the erroneous diagnosis. In a special charge, the trial court instructed the jury as follows:
“Bay View Hospital asserts the defense of the statute of *135 limitations. In a case of this character, where the plaintiff’s claim against the hospital is based upon medical acts or services performed, the applicable statute of limitations is one year from the time the plaintiff’s cause of action accrued. The plaintiff’s cause of action is not deemed to accrue until such time as the hospital-patient relationship is terminated with respect to the medical services undertaken by the hospital for the particular medical or surgical condition of the patient.
“In this case the plaintiff’s action against Bay Yiew Hospital was not commenced until February 16, 1957.
“If you find, from a consideration of all the evidence, that Bay Yiew Hospital and Betty Lundberg terminated the hospital-patient relationship in May of 1955 or before February 16,1956, then her cause of action would be barred by the statute of limitations. On the other hand, if you find that Betty Lundberg entered into a hospital-patient relationship for hospital care which came to include medical services of the hospital relating to the condition of a diagnosed and operated cancer; and if you further find that the hospital-patient relationship continued and was intended by both parties to continue for a course of regular cancer checkups in the hospital following her surgery and using the medical services of the hospital; and if you further find that such relationship was still in existence and had not been terminated before February 16, 1956, then the plaintiff’s cause of action against said hospital is not barred by the statute of limitations.”
It is the established law of Ohio that the one-year statute of limitations as now contained in Section 2305.11, Revised Code, does not begin to run until a medical relationship has finally terminated. Gillette v. Tucker, 67 Ohio St., 106, 65 N. E., 865, 93 Am. St. Rep., 639; Bowers v. Santee, 99 Ohio St., 361, 124 N. E., 238; and DeLong v. Campbell, Exxx., 157 Ohio St., 22, 104 N. E. (2d), 177.
It appears to a majority of this court that the issues herein are largely factual, and that the jury by its answers to special interrogatories and by its general verdict resolved those issues in favor of the plaintiff and against the hospital.
There can be no doubt that the jury found that plaintiff had a continuing relationship with the defendant hospital until Feb *136 ruary 18,-1956, that her physical impairment stemmed directly from the negligent misinterpretation by Haws of the biopsy material taken from her, and that the hospital by its conduct represented and induced the belief that Haws was in its employ as a part of its regular establishment, whereby it was estopped to successfully claim otherwise.
Since this action has proceeded through the courts on the theory of malpractice and the statute of limitations relating thereto, our discussion has followed that line. Let it be understood that no determination is here being made that a hospital, as such, may engage in the practice of medicine. Malpractice is embraced in the law of negligence. The present action is essentially one for the recovery of damages for bodily injury due to negligence, and Section 2305.10, Revised Code, places a limitation of two years on the bringing of such an action. Thus, whether the action is treated as one for malpractice or as one for ordinary negligence, it was timely brought in either instance.
We find no reversible error in the judgments below, and the judgment of the Court of Appeals is, therefore, affirmed.

Judgment affirmed.

Matthias, Griffith and Herbert, JJ., concur.